UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES H. PARSON                                CIVIL ACTION

VERSUS                                           NO: 12-0037

CHET MORRISON CONTRACTORS, LLC                   SECTION: R

### ORDER AND REASONS

Defendant Chet Morrison Contractors, LLC has filed a motion *in limine* requesting that the Court exclude all evidence relating to plaintiff's treatment by Dr. N. Faye Pierce and physicians employed by the Veterans Affairs Hospital.[1]

### I.  Testimony and Other Evidence Relating to Plaintiff's Treatment by Dr. Pierce

Defendant argues that Dr. Pierce's testimony is inadmissible under Rule 702 because (1) Dr. Pierce is not qualified as an expert in the relevant field and (2) Dr. Pierce's method of diagnosis is unreliable.

Defendant's motion is untimely insofar as it concerns the admissibility of Dr. Pierce's testimony and related evidence. Under the Court's scheduling order in this matter, all parties were required to file motions *in limine* regarding the admissibility of expert testimony in sufficient time to permit hearing on October 23, 2013.[2] Under the Local Rules, "motions must be filed not later than the fifteenth day preceding the date

---

[1]   R. Doc. 34.

[2]   R. Doc. 23 at 1.

assigned for submission." LR 7.2. Defendant filed this motion on October 14, 2013, and, in violation of the Local Rules, set the submission for nine day later, October 23. Because defendant did not file the motion at least fifteen days before the Court's imposed deadline of October 23, 2013, the motion is untimely.

The Court's scheduling order provides that "[m]otions filed in violation of this order will not be considered unless good cause is shown."[3] Defendant has not shown good cause for its failure to observe the applicable deadlines. The Court thus declines to consider defendant's motion insofar as it concerns the admissibility of expert testimony. *See Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990) (trial court has "broad discretion" to enforce the provisions of a scheduling order); Fed. R. Civ. P. 16(f) (court may sanction party who fails to comply with a scheduling order).

## II. Testimony and Other Evidence Related to Plaintiff's Treatment By VA Physicians

Defendant also opposes the introduction of any evidence relating to plaintiff's treatment by VA physicians. Defendant states that it has been unable to depose the VA physicians who treated plaintiff because of federal regulations restricting the ability of private parties to demand testimony from VA personnel.[4] Thus, defendant contends that it would be prejudiced

---

[3] *Id.*

[4] R. Doc. 34-1 at 8 ("[D]efendant has attempted to depose the applicable VA physicians on several occasions, to no

2

by the introduction of this evidence. The Court finds this argument without merit, for two independent reasons. First, defendant has not shown that its requests for disclosure to the VA complied with the applicable regulations. Second, defendant's contention that it will suffer unfair prejudice from the introduction of this evidence is unconvincing.

### A.  Defendant Has Not Demonstrated Compliance With The Applicable Regulations

Under 5 U.S.C. § 301, the head of an executive department may "place limits on how employees can disseminate information gained in the performance of their official duties." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1196-97 (11th Cir. 1991); 5 U.S.C. § 301 (authorizing the head of an "Executive department" to "prescribe regulations for . . . the custody, use, and preservation of [the department's] records, papers, and property"). In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court upheld the authority of federal agencies to promulgate and enforce regulations establishing conditions for the disclosure of information. *Id.* at 468. Such regulations are commonly known as "*Touhy* regulations."

Under the VA's *Touhy* regulations, VA personnel may not testify or produce records in litigation in which the VA is not a party without the written approval of the "responsible VA official." 38 C.F.R. § 14.806; 38 C.F.R. § 14.801(b)(2) (VA's

---

avail.").

*Touhy* regulations do not apply to legal proceedings in which the VA or the United States is a party). In order to obtain the approval of the responsible VA official, a party seeking testimony or records from VA personnel must provide an affidavit or written statement containing "a summary of the nature and relevance of the testimony or records sought . . . containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify or records should be produced." 38 C.F.R. § 14.805. In determining whether to grant the party's request, the VA must consider a long list of factors set forth in 38 C.F.R. § 14.804.

Defendant has provided the Court with no indication that its *Touhy* request complied with the requirements of 38 C.F.R. § 14.805. Instead, defendant merely states in its motion that it "has attempted to depose the applicable VA physicians."[5] Exclusion of the evidence in question is inappropriate unless defendant affirmatively demonstrates compliance with the VA's *Touhy* regulations. *See United States v. Wallace*, 32 F.3d 921, 928-29 (5th Cir. 1994) (compliance with the Department of Justice's *Touhy* regulations is "mandatory," and a party who fails to comply with those regulations cannot argue that its resulting failure to obtain testimony or other evidence is unfair); *Mayo v. City of Scranton*, No. 3:CV-10-0935, 2012 WL 6050551, at *1-2 (M.D. Pa. Dec. 4, 2012) (denying plaintiff's motion to compel

---

[5] *Id.*

testimony of FBI agent because plaintiff had failed to comply with the applicable *Touhy* regulations); *In re Scully*, No. 06-0077, 2006 WL 1523231, at *1-2 (D.D.C. Apr. 11, 2006) (denying plaintiff's motion to compel deposition of a Department of Health and Human Services employee because the plaintiff "failed to exhaust administrative remedies by making a request to the agency [pursuant to its *Touhy* regulations] to conduct the deposition, and then appealing the agency's adverse decision"); *see generally Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (noting the "well established" rule "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969))).

Thus, the Court concludes that defendant's request to exclude all evidence related to plaintiff's treatment by VA personnel should be denied. Only if defendant were to unsuccessfully request the information it seeks in accordance with the applicable regulatory procedures could defendant argue that admission of the evidence in question would be unfairly prejudicial, *cf. Cooper v. Wal-Mart Transp., L.L.C.*, 662 F. Supp. 2d 757, 770-71 (N.D. Tex. 2009).

**B.   The Evidence Would Not Be Unfairly Prejudicial To Defendant**

Even if defendant had complied with the VA's *Touhy* regulations, defendant would not be unfairly prejudiced if this evidence were not excluded.

*1. VA Physicians' Testimony*

With regard to the VA physicians' testimony, if those physicians are not authorized by the "responsible VA official" to testify in this proceeding, neither party will be able to introduce their testimony into evidence. On the other hand, if the physicians are authorized to testify, defendant will have an opportunity to cross-examine them. Thus, defendant could not suffer prejudice from the introduction of this testimony.

As an aside, the Court notes that defendant requests only an opportunity to cross-examine the VA physicians at some point before or during trial. *See* R. Doc. 31-4 at 8 (requesting "the right to cross-examine the witnesses" and stating that defendant's "inability to depose these medical providers, and at the very least to cross-examine such providers at trial, substantially prejudices the defendant by not permitting it to attack such medical records and/or diagnosis"). In other words, defendant is apparently not arguing that it would suffer unfair prejudice if it had to cross-examine VA physicians at trial without a previous opportunity to depose them. *Cf. Cooper*, 662 F. Supp. 2d at 770-71 (addressing such an argument). Nor is defendant contending that it wishes to call VA personnel in its case in chief.

2.   *VA Physicians' Medical Records*

The VA physicians' medical records are not subject to exclusion on the grounds that the individual who created them is

6

not available to testify, so long as the records are properly authenticated. *See* Fed. R. Evid. 803 ("The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:  . . . A statement that: (A) is made for -- and is reasonably pertinent to -- medical diagnosis and treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.").[6]

### III. Conclusion

For the foregoing reasons, defendant's motion is DENIED.


New Orleans, Louisiana, this 7th day of November, 2013.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] The Sixth Amendment, which allows the introduction of "[t]estimonial statements of witnesses absent from trial . . . only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine," *Crawford v. Washington*, 541 U.S. 36, 59 (2004), does not apply to civil proceedings. *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 243 (5th Cir. 1997).